IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| MARTHA MASON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 09-2846 Ml/P |
| JABIL CIRCUIT, INC., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is defendant Jabil Circuit, Inc.'s ("Jabil") Motion to Compel and for Sanctions Pursuant to Fed. R. Civ. P. 37(b), filed October 12, 2010.  (D.E. 32.)  On October 14, 2010, *pro se* plaintiff Martha Mason filed a letter response.  On October 25, 2010, Jabil filed a reply.  The motion was referred to the magistrate judge for determination and/or for report and recommendation, as appropriate.

On September 29, 2010, Jabil sent Mason a Notice to Take Deposition in this case.  The notice was mailed and emailed to Mason by Katie Alexander, the legal assistant to attorney Robin H. Rasmussen (counsel for Jabil).  The notice informed Mason that her deposition would take place on Tuesday, October 12, 2020, at 9:30 a.m., at Ms. Rasmussen's law office in Memphis.  Although Mason received the deposition notice, she failed to appear for her

deposition.   Ms. Rasmussen attempted to call Mason on several occasions, but these calls went unanswered.   Jabil filed the present motion seeking an order compelling Mason to appear for her deposition and requiring her to pay the costs of the deposition, including attorney's fees and court reporter expenses.

In her response letter, Mason states that she did not attend the deposition because "I received an email from Katie Alexander on September 30, 2010 stating that I did not have to attend the deposition." However, according to Ms. Alexander's affidavit filed with Jabil's reply brief, she never sent Mason any such email. Mason also states that she no longer has a car, and thus was not able to attend the deposition.   However, she has not explained why she could not have a family member or friend drive her to the deposition or take public transportation.   Mason further contends that she is in "a difficult situation" right now and lacks the legal training to prosecute her case.   The court finds that Mason's lack of legal training is not an excuse for her failure to appear for the properly noticed deposition.

Finally, Mason states in her letter response that she would like to dismiss her case "because it is a difficult situation for me right now understanding all the rules and laws."   The court construes her request as a motion to voluntarily dismiss her complaint pursuant to Fed. R. Civ. P. 41(a)(2), and recommends that her complaint be dismissed without prejudice pursuant to Rule

41(a)(2). The court further recommends that, if Mason decides to refile her complaint in the future, she be permitted to do so only upon paying Jabil's attorney's fees and expenses for the missed deposition, including the court reporter's expenses, pursuant to Fed. R. Civ. P. 37.

Within seven (7) days from the date of this report and recommendation, Jabil shall file a declaration from counsel setting forth the court reporter's expenses and reasonable attorney's fees relating to the missed deposition.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 26, 2010
Date

## NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(c). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**